UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CHARLES SCRUGGS,

                Plaintiff,

        -against-

VERA FLUDD, Sheriff, Nassau County Correc.
Center, *et al.*

               Defendants.
--------------------------------------------------------X

**ORDER**
19-CV-5163(JMA)(AYS)

**AZRACK, District Judge:**

       On September 10, 2019, incarcerated *pro se* plaintiff Charles Scruggs ("plaintiff") filed a

complaint in this Court together with an application to proceed *in forma pauperis*. (ECF Nos. 1,

2.) On September 12, 2019, the Court sent plaintiff a letter acknowledging receipt of his

complaint. (See ECF No. 5.) However, on September 23, 2019, the Court's letter was returned

to the Court as "undeliverable" and marked "Discharged/Return to Sender/Not Deliverable as

Addressed/Unable to Forward." (See ECF No. 6.) At no time after the September 10, 2019 filing

of the complaint did Plaintiff update his address or otherwise communicate with the Court.

Accordingly, by Order to Show Cause dated November 12, 2019, plaintiff was ordered to provide

the Court, in writing within fourteen (14) days, with an address at which plaintiff can be contacted

during the course of this litigation. (See ECF No. 7.) The Order to Show Cause cautioned that

a failure to timely comply would lead to the dismissal of the complaint without prejudice pursuant

to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (Id.) The Order to Show Cause

was mailed to plaintiff at his address of record and, not surprisingly, was returned to the Court on

November 21, 2019 and was marked "Discharged Return to Sender/Not Deliverable as

Addressed/Unable to Forward." (See ECF No. 8.)

To date, plaintiff has not responded to the Order to Show Cause, nor has he otherwise communicated with the Court.

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. Recard, 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); see also English v. Azcazubi, 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address."); Thornton v. Moroney, 13-CV-8912, 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) (explaining that *pro se* litigants have a "duty to diligently pursue [their] case and to inform th[e] Court[] . . . of any change of address."). As is readily apparent, this case cannot proceed unless the Court and defense counsel are able to contact plaintiff. Pagan v. Westchester Cnty., 12-CV-7669, 2014 WL 4953583, at *5 (S.D.N.Y. Oct. 1, 2014 ("Absent valid contact information, the Court cannot apprise the plaintiffs of their obligations in or the status of their case, and the litigation cannot proceed without their participation."). If a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." Mercedes v. New York D.O.C., 12-CV-2293, 2013 WL6153208, at *2 (S.D.N.Y. Nov. 21, 2013); Thornton, 2014 WL 2805236, at *2.

Accordingly, given plaintiff's failure to keep his address current, the Court is unable to communicate with him. Because it appears that plaintiff has abandoned this case, his complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that *in forma pauperis* status for the

purpose of an appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied.   See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).    The Clerk of the Court is directed to mail a copy of this order to the plaintiff at his last known address (Nassau County Correctional Center) and to mark this case closed.

**SO ORDERED.**

   /s/ (JMA)

Dated:   December 11, 2019               Joan M. Azrack
           Central Islip, New York       United States District Judge